D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAMIE JOHNSON,

                    Plaintiff,

          -against-

WAL-MART STORES EAST, LP,

                    Defendant.
------------------------------------------------------------------X

**ORDER**

16-CV-1423 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On January 10, 2018, the court issued a Memorandum and Order (the "M&O") granting in part and denying in part Defendant's motion for summary judgment. (Jan. 10, 2018, Mem. & Order ("M&O") (Dkt. 44).) On January 18, 2018, Defendant moved for reconsideration of the court's conclusion that there is a genuine issue of fact as to whether Defendant had actual notice of the hazard giving rise to this litigation. (Mot. for Recons. ("Def. Mot.") (Dkt. 45); Mem. in Supp. of Mot. ("Def. Mem.") (Dkt. 46).) The court has reviewed Defendant's motion for reconsideration and concludes that it lacks merit. Accordingly, the motion is DENIED.

Local Civil Rule 6.3 provides that, within 14 days of the entry of an order, a party may move for reconsideration by filing a notice of motion accompanied by a memorandum identifying "the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (internal quotation marks omitted). The primary grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct

1

a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

A request for reconsideration under Local Rule 6.3 "must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." Anwar v. Fairfield Greenwich Ltd., 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016). Local Rule 6.3 must be "narrowly construe[d] and strictly appl[ied] . . . so as to avoid duplicative rulings on previously considered issues and prevent [the rule] from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." Id. at 561.

Defendant argues that the court erred in concluding that a rational jury could infer, based on video and photograph evidence of the scene as well as testimony by Defendant's employees, that (1) the photographs depict the area as it appeared at the time Plaintiff slipped; and (2) the paper towels depicted therein were placed at the scene by Defendant's employees before Plaintiff's fall, indicating those employees were actually aware of the spill. (Def. Mem. at 2-3.) Defendant states that the evidence "is **NOT** unclear as to when photographs were taken" and that the court should therefore grant its motion for summary judgment. (Reply in Supp. of Def. Mot. (Dkt. 50) at 2.)

The court declines Defendant's invitation to reconsider its prior ruling on this issue. Defendant's contentions do not establish that the court "overlooked" any matters relevant to the motion for summary judgment. See Local Civ. R. 6.3; see also Benjamin v. Goord, No. 02-CV-1703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug 18, 2010) ("A motion for reconsideration is . . . appropriate only when a court overlooks 'controlling decisions or factual matters that were put

2

before it on the underlying motion' and which, if examined, might reasonably have led to a different result." (quoting Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam)). To the contrary, the court already considered this specific issue in the M&O. (See M&O at 14.)

In addition, Defendant cannot demonstrate that a ruling in its favor is necessary to "correct a clear error or prevent manifest injustice." See Kolel Beth, 729 F.3d at 104. Defendant claims that "the record conclusively establishes that . . . photographs of the scene were taken beginning at 11:56:31 a.m."[1] (Def. Mem. at 2.) If this were true, Defendant argues, it would mean that the "photographs were taken after the paper towels had been placed on the floor" and thus that Defendant did not have actual notice of the hazard. (Id. at 4-5.) In the M&O, the court stated that "[t]he video itself is unclear, however, as to whether any photographs were taken (and, if so, when) or whether there were also paper towels on the floor prior to Plaintiff's fall." (M&O at 14 n.11.) Because of this lack of clarity, the court concluded that a jury could find that Defendant had actual notice of the hazard before Plaintiff's fall and therefore that there was "a genuine issue regarding Defendant's actual notice of the hazard." (Id. at 14-16.)[2] The court has again reviewed the video evidence and stands by its interpretation thereof.

---

[1] It is also worth noting that, in Defendant's motion for summary judgment, Defendant's characterization of this event was much less detailed than what it now presents to the court. Instead, Defendant stated simply: "There isn't any admissible evidence that a Wal-Mart employee actually observed the liquid on the floor prior to the incident. Nor is there evidence that anyone reported or complained to Wal-Mart about the liquid being on the floor." (July 28, 2017, Mem. in Supp. of Mot. for Summ. J. (Dkt. 29) at 6.) Despite the lack of specificity in support of Defendant's contention, the court carefully scrutinized the video evidence of the incident and rejected the argument that Defendant now presses.

[2] The court's conclusion on this point was also supported by "Defendant's own store policies [that] require employees to take a picture of the scene of a potential injury claim prior to altering the scene" and testimony by Defendant's employees "that store staff use paper towels to address spills like those that cause Plaintiff's injury." (M&O at 14 (alteration adopted) (internal quotation marks omitted).) Given the existence of the policy and the fact that it had been followed in the past, Plaintiff's claim that a rational jury could find that the photographs were taken immediately after her fall was not "blatantly contradicted by the record, so that no reasonabl[e] jury could believe it." (Id. at 14 & n.11 (quoting Scott v. Harris, 550 U.S. 372, 380 (2007).) Thus, while Defendant may be correct that Defendant's employees' alleged violation of these policies does not by itself "raise a triable issue of fact" (see Def. Mem. at 4 n.2), the court's conclusion that Plaintiff had presented sufficient evidence to make out a genuine

3

Defendant's motion for reconsideration (Dkt. 45) is therefore DENIED.

SO ORDERED.

Dated: Brooklyn, New York
February 15, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

issue regarding Defendant's actual notice of the hazard was motivated by the existence of these policies combined with the ambiguous video evidence (see M&O at 14).